# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BUSTAMANTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Consolidated Case |
| v. | ) | No. 4:08CV833 TIA |
| | ) | |
| WALGREENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| JENNIFER BUSTAMANTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Associated Case |
| v. | ) | No. 4:08CV834 TIA |
| | ) | |
| WALGREENS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jennifer Bustamante for appointment of counsel. The motion will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her

prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**.

Dated this   24th   day of June, 2008.

                                    /s/ Terry I. Adelman
                              UNITED STATES MAGISTRATE JUDGE